**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

# FILED

APR 20 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALISA McKENNEY, | No. 13-56230 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-00990-CAB-WMC |
| v. | |
| UNITED PARCEL SERVICE, INC., an entity; DOES, 1-40, inclusive, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Argued and Submitted April 9, 2015
Pasadena, California

Before: BENAVIDES,[**] TASHIMA, and CLIFTON, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Fortunato P. Benavides, Senior Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

Alissa McKenney appeals the district court's judgment on the pleadings for the United Parcel Service. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

McKenney's claims under the California Fair Employment and Housing Act (FEHA) with respect to her 2008 transfer and demotion to supervisor were barred by the one-year statute of limitations. Cal. Gov't Code § 12960(d). Her lack of knowledge does not preserve these claims because she filed her complaint more than one year and 90 days after the 2008 transfer. *See* Cal. Gov't Code § 12960(d)(1). The continuing violations doctrine also does not apply because her 2008 transfer obtained a degree of permanence. *Richards v. CH2M Hill, Inc.*, 26 Cal. 4th 798, 823 (2001) (determining the continuing violations doctrine applies when an employer's multiple unlawful actions are sufficiently similar in kind, occur with reasonable frequency, and have not acquired a degree of permanence).

By failing to replead her failure to accommodate and failure to engage in the interactive process FEHA claims with respect to her December 2010 conversation with Thompson and Kocheck, McKenney voluntarily dismissed and therefore waived these claims. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012).

McKenney failed to allege sufficient facts to state claims for disability discrimination, gender discrimination, or retaliation. She never alleged that she

applied for or was rejected from any particular open manager positions since her December 2010 conversation, or that UPS used a system that did not provide for applications. McKenney also failed to allege that Kocheck, who purportedly said she would not be promoted until she dropped her legal challenges, had control over promotions. As a result, McKenney did not allege sufficient facts to establish an adverse employment action, a necessary component of all three claims.

Because McKenney already had an opportunity to amend her complaint, the district court did not err in dismissing her complaints with prejudice.

**AFFIRMED.**

3